FILED
SUPERIOR COURT
OF GUAM

2025 OCT 24 AM 8: 49

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| NICO A.C. FUJIKAWA,<br><br>                              Petitioner,<br><br>vs.<br><br>GUAM CIVIL SERVICE COMMISSION,<br><br>                           Respondent,<br><br>and<br><br>GUAM VISITORS BUREAU,<br><br>                    Real Party<br>                    in Interest. | SPECIAL PROCEEDING<br>CASE NO. SP0021-25<br><br><br><br><br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on June 17, 2025, upon Real Party in Interest Guam Visitors Bureau's ("GVB") Motion to Dismiss filed April 14, 2025. Petitioner Nico A.C. Fujikawa ("Petitioner") is represented by Attorney Jacqueline Taitano Terlaje. Real Party in Interest GVB is represented by Attorney Charles H. McDonald II. The Court asked the parties to submit additional briefings due on July 24, 2025. Having reviewed the motions, additional briefs, and having heard oral arguments in this matter, the court issues the following Decision and Order.

## BACKGROUND

Petitioner filed a Verified Petition of Judicial Review seeking to appeal an adverse action termination from employment with GVB. *See,* Verified Pet. (Feb. 11, 2025). The Guam Civil Service Commission ("CSC") voted 5-0 to dismiss Petitioner's adverse action appeal for being untimely and issued its Decision and Judgment on January 14, 2025. *Id.* at 7. Petitioner alleges GVB did not personally serve a Final Notice of Adverse Action ("FNAA") on April 10, 2024, and Petitioner's termination was effective on April 11, 2024. *Id.* at 9. Petitioner states that the failure to personally serve a FNAA on April 10, 2024 violated Title 4 of the Guam Code Annotated ("GCA") § 4406(a) and (b) that states that Guam law requires a government of Guam agency to notify an employee in the classified service of the adverse action to dismiss, demote, or suspend the employee no later than ninety (90) days from the date management knew or should have known of the facts which give rise for the adverse action. *Id.*

GVB argues that Petitioner filed his appeal on May 1, 2024, 21 days after service of the FNAA. *See,* GVB's Mot. to Dis. (April 14, 2025). GVB argues that the Court has no jurisdiction over this matter because Petitioner failed to exhaust his administrative remedies prior to bringing the case to the Court. *Id.* at 4.

On June 17, 2025, the Court ordered for additional briefings from the parties to address jurisdictional issues and claim preclusion issues raised. *See,* Min. Entry (June 17, 2025).

## DISCUSSION

The Court begins by determining whether Petitioner's Verified Petition for Writ of Judicial Review is properly before this Court under 4 GCA § 4406(f). The Court then turns to the timeliness of Petitioner's appeal and whether the twenty-day (20-day) filing requirement under 4 GCA § 4406(d) is jurisdictional. Lastly, the Court considers whether the CSC correctly found that service of the FNAA complied with DOA PRR § 11.313.

### I.    Petitioner's Verified Petition For Writ of Judicial Review Is Ripe.

4 GCA § 4406(f) states that the government, department, agency, instrumentality, or the employee may petition the Superior Court of Guam for judicial review of an adverse action

appeal only after: (A) the appeal has been heard by the Commission and a final written or oral decision has been issued. Generally, there is a universal principle that one must exhaust administrative remedies before pursuing it. *Limtiaco v. Guam Fire Dept.*, 2007 Guam 10 ¶ 27. Review will not be granted where the petitioner has failed to pursue the administrative remedies available to him. *Id.* When an administrative remedy has been provided by statute, this remedy must be exhausted before the courts will act. *Id.*

GVB argues that that the Court has no jurisdiction over this matter because Petitioner failed to exhaust his administrative remedies prior to bringing the case to the Court. *Id.* Here, Petitioner exhausted all administrative remedies available. Petitioner filed an appeal challenging the adverse action. GVB refused to hear the appeal and issued a final judgment. Here, Petitioner's Verified Petition for Writ of Judicial Review is ripe under 4 GCA § 4406(f). In this case, there is no dispute that the Petitioner filed an appeal with the Commission challenging the adverse action imposed by GVB. Nor is there dispute that, on December 10, 2024, the Commission voted to dismiss the appeal and later reduced its decision to writing on January 14, 2025.

The petition is ripe under 4 GCA § 4406(f) since all administrative remedies have been exhausted.

## II.     The Twenty-Day (20-Day) Rule Under 4 GCA § 4406(d) Is Jurisdictional.

Under 4 GCA § 4406(d), a classified employee may appeal his or her adverse action, including termination, to the Civil Service Commission within twenty (20) days of the effective date of the adverse action. When an appeal of a Superior Court decision is taken as of right to the Supreme Court, the time limit for filing a notice of appeal is an absolute requirement from which this court has no discretion to digress. *Gill v. Siegel*, 2000 Guam 10 ¶ 5. A timely notice of appeal is mandatory and jurisdictional. *Id.* The United States Supreme Court has determined

that federal courts have no discretion to digress from this requirement in civil cases. *Bowles v. Russell,* 551 U.S. 205, 214 (2007). The lack of jurisdiction resulting from the failure to timely appeal, in its most fundamental or strict sense, means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties. *Abelleira v. Dist. Ct.App.,* 109 P.2d 942, 947 (Cal.1941). Further, this general rule has been held applicable in the administrative contexts. *Dumberth v. Unemployment Comp. Bd. of Review,* 837 A.2d 678, 681 (Pa.Commw.Ct.2003). Appeal periods, even at the administrative level, are jurisdictional and may not be extended as a matter of grace or indulgence; otherwise, there would be no finality to judicial action. *Id.* The Supreme Court of Guam in *Rojas* held that the timely filing of a notice of appeal under this statute is an absolute requirement and a jurisdictional condition precedent to the CSC's exercise of authority. *Dep't of Agriculture v. Civil Service Commission (Rojas),* 2009 Guam 19 ¶ 25–28. The Court in *Rojas* further explained that failure to comply with § 4406(d) divests the CSC of subject-matter jurisdiction unless the CSC expressly finds a special circumstance justifying an exception. *Id.* at 28.

Here, Petitioner's termination became effective April 10, 2024, and his appeal was not filed until May 1, 2024—one day beyond the statutory period. *See,* GVB Br. at 2 (July 25, 2025). The CSC's record contains no finding of any "special circumstance" excusing Petitioner's delay, and Petitioner has not identified any extraordinary or unavoidable reason preventing timely filing. *Id.* at 24. In the absence of such a finding, the CSC properly concluded it lacked jurisdiction.

Although Petitioner relies on *People v. Pinaula,* 2023 Guam 2, to argue that the 20-day rule is a claim-processing provision subject to waiver, *Pinaula* is distinguishable. *Pinaula* addressed a court-made procedural rule under the Guam Rules of Appellate Procedure and reiterated that only statutory time limits are jurisdictional. *Id.* at 18–19. Section 4406(d),

however, is a statutory deadline enacted by the Legislature, not a rule promulgated by the judiciary. Consequently, *Pinaula* does not displace *Rojas* holding that § 4406(d) is jurisdictional.

The Court finds that 20-day rule remains a jurisdictional limitation on the CSC's authority.

### III. The CSC Correctly Found That Service of the Final Notice of Adverse Action Was Proper.

Under Department of Administration Personnel Rules and Regulations ("DOA PRR") § 11.313, the Proposed and Final Notices of Adverse Action shall be personally served upon the employee. In the event the appointing authority cannot locate the employee, after reasonable efforts have been made to locate the employee, service of the Proposed or Final Notices may be made by leaving the Notice at the employee's dwelling or usual place of abode with some person of suitable age and discretion residing therein, or by mailing the Notice to the employee at the last known address. Service by mail is complete upon mailing. Where the agency's specific legislation directs how the agency action is to be judicially reviewed, then that agency's law should govern how one is to seek judicial review of that agency's action. *Carlson v. Perez* 2007 Guam 6 ¶ 57. In *Carlson* the Court held that DOA PRR satisfied due process when adopted by agencies lacking independent personnel regulations. The Supreme Court of Guam held that an agency's "borrowed" use of the DOA PRR satisfies due process requirements under the *Mathews v. Eldridge* test. *Id.* at 37.

Petitioner next challenges the effectiveness of service, arguing that GVB failed to make "reasonable efforts" to personally serve him before mailing the FNAA on April 10, 2024. *Id.*

At first glance, this rule may invite scrutiny. Its phrasing allows for service to be deemed "complete upon mailing," even if actual receipt by the employee occurs later—or not at all. This framework prioritizes administrative efficiency over proof of actual notice, potentially creating

tension with the due-process principle that an employee must be given a fair opportunity to respond to disciplinary action. Nonetheless, this Court is bound to apply the rule as written and by the findings of the CSC.

Here, the record supports the CSC's finding that GVB complied with the applicable personnel rules. The affidavits of GVB personnel demonstrate substantial efforts to locate Petitioner on April 10, 2024. Petitioner's supervisor, Dina Hernandez, contacted him via WhatsApp at 3:02 p.m. regarding a time-sensitive letter. Petitioner acknowledged receipt but failed to return or respond to further calls. GVB employees Kenner and Suba attempted personal service at multiple addresses, conferred with Petitioner's father, and ultimately left the letter in a conspicuous location. GVB also mailed the FNAA via certified mail at 4:41 p.m. Under DOA PRR § 11.313, service was complete upon that mailing.

While the Court recognizes that the "complete upon mailing" clause may operate harshly in certain factual circumstances, it remains the controlling procedural rule. The CSC's determination that service was effective upon mailing is therefore supported by substantial evidence and consistent with § 11.313's plain text.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** GVB's Motion to Dismiss.

**IT IS SO ORDERED** ___OCT 2 3 2025___.



**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**